# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN LEGRAND, et al.,** | : | Civil No. 3:12-CV-743 |
| | : | |
| **Plaintiffs** | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **ERIKA FENSTERMAKER, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## **MEMORANDUM ORDER**

AND NOW this 7tht day of June 2012, the Court notes that Plaintiff Andrews has filed motion to reconsider our ruling denying entry of default judgment in this case, or in the alternative, allowing leave to amend the complaint. (Doc. 41)

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice".

Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).
>
> Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F. Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See

<u>Above the Belt, Inc. v. Mel Bohannon Roofing, Inc</u>., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Judged against these standards, the motion to reconsider will be DENIED. Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure, and a default judgment may only be entered when the party against whom the default judgment is sought "has failed to plead or otherwise respond." Rule 55(a), F.R.Civ.P. Before a default judgment can be entered against a defendant, that defendant must be served and must fail to respond. In this case, the docket reflects that a summons were issued, but that service is on-going. Under the rules of civil procedure the defendant has 60 days in which to respond, once served. F.R.Civ.P. 12(a)(2) and (3). Since service is not yet complete, and the time for the Defendants' response has not yet lapsed, the Plaintiff is not entitled to the entry of a default judgment.

While we deny the request to reconsider the order denying the entry of a default judgment, we note that the Plaintiff also seeks leave to amend his complaint. We will GRANT the request for leave to amend. Rule 15 of the Federal Rules of Civil procedure governs amendment of pleadings and provides in pertinent part as follows:

> **(a) Amendments Before Trial.**
> **(1) *Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or

**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Rule 15(a), F.R.Civ. P.

In this case, recognizing that no responsive pleadings have been filed, and mindful of the fact that leave to amend should be freely given when justice so requires, the motion to amend is GRANTED and the Plaintiff is ORDERED to file an amended complaint on or before **July 9, 2012**. Any amended complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint shall be titled as an amended complaint and shall contain the docket number of this case.

So ordered this 7th day of June 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge