# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN LEGRAND, et al., | : | Civil No. 3:12-CV-743 |
| | : | |
| **Plaintiff** | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| | : | |
| ERIKA FENSTERMAKER, et al., | : | |
| | : | |
| **Defendants.** | : | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on requests to appoint counsel for the plaintiffs, John Legrand, Vance Baker and Antonio Hudson, all of whom are *pro se* litigants. (Docs. 56, 58, and 61.) The plaintiffs ask the Court to appoint counsel at the outset of this litigation, prior to the filing of an answer or any informed assessment of the merits of these claims. (Id.)

We appreciate the plaintiffs' interest in securing court-appointed counsel, but also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is

1

discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such we requests we must first:

> "[D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

Parham v. Johnson, 126 F.3d at 457.

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, we believe that we should defer any such decision until after we have had the opportunity to assess the first benchmark standard we must address, the question of whether the plaintiffs' claims have arguable legal merit. In our view, it would be inappropriate to appoint counsel until we have the opportunity to conduct this merits analysis in this matter. Moreover, while we understand that the plaintiffs doubtless face some obstacles in bringing this action, to date the plaintiffs have demonstrated an ability to effectively present this case. Furthermore, the actual investigation that the plaintiffs have to do is minimal, since the pleadings show that the plaintiffs are fully aware of the bases for

these claims against the Defendants.

Taking all of these factors into account we DENY these requests to appoint counsel (Doc. 56, 58, and 61), at this time without prejudice to re-examining this issue as this litigation progresses.

SO ORDERED, this 27th day of August, 2012.

S/Martin C. Carlson<br>
Martin C. Carlson<br>
United States Magistrate Judge