# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELVIN ANDRE SPOTTS, et al.,** | : | |
| | : | |
| **Plaintiffs** | : | **Civil No. 3:12-CV-0583** |
| | : | |
| **v.** | : | **(Judge Kosik)** |
| | : | |
| **UNITED STATES OF AMERICA, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

_____

| | | |
|---|---|---|
| **JOHN LEGRAND, et al.,** | : | |
| | : | |
| **Plaintiffs** | : | **Civil No. 3:12-CV-0743** |
| | : | |
| **v.** | : | **(Judge Kosik)** |
| | : | |
| **FENSTERMAKER, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

_____

| | | |
|---|---|---|
| **ANTRON RUSSELL, et al.,** | : | |
| | : | |
| **Plaintiffs** | : | **Civil No. 1:12-CV-0407** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **UNITED STATES OF AMERICA, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

### I.    Statement of Facts and of the Case

In the above-captioned related actions, a number of federal inmates have sued the United States of America and certain individual Defendants, alleging injuries stemming from the consumption of salmonella-contaminated chicken that was served at the United States Penitentiary, Canaan, in June 2011.  The Defendants have not yet filed an answer to the complaint or otherwise moved to dismiss this complaint, and the deadline for filing a responsive pleading in each of these cases has been enlarged until October 1, 2012.  Nonetheless the *pro se* Plaintiffs have lodged discovery demands upon the Defendant, inspiring the Defendants to file motions for protective orders in each action, seeking a stay of discovery, or an extension of time in which to respond to the discovery propounded by Plaintiffs, until a case management schedule is issued after the Defendants have filed an initial pleading or otherwise responded to the complaints.[1]

For the reasons set forth below, the motions will be GRANTED.

---

[1]  The motions for protective orders are located at the following docket entries: <u>Kelvin Andre Spotts, et al., v. United States of America, et al.</u>, No. 3:12-CV-0583 (Doc. 67); <u>John Legrand, et al., v. Fenstermaker, et al.</u>, No. 3:12-CV-0743 (Doc. 76); and <u>Antron Russell, et al., v. United States of America</u>, No. 1:12-CV-0407 (Doc. 98).

## II.   Discussion

Several basic guiding principles inform our resolution of the instant discovery matter.  Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment.  Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974).  Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters.  In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997).  When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate

judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J.1996); <u>see also</u> <u>Hasbrouck v. BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); <u>EEOC v. Mr. Gold, Inc.</u>, 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We note that this broad discretion over discovery matters extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating the timing of discovery.  Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' <u>Galella v. Onassis</u>, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." <u>Dove v. Atlantic Capital Corp.</u>, 963 F.2d 15, 19 (2d Cir. 1992).  This discretion is guided, however, by certain basic principles.  Among these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it awaits an answer to a complaint, <u>see</u> <u>United Sweetener USA, Inc. V. Nutrasweet Co.</u>, 766 F.Supp. 212 (D.Del. 1991); or considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial  motion does not, on its face, appear groundless. <u>See, e.g.</u>,  <u>James v. York County Police Dep't</u>, 160 F.App'x 126, 136 (3d

4

Cir. 2005); <u>Nolan v. U.S. Dep't of Justice</u>, 973 F.2d 843,849 (10th Cir. 1992);

<u>Johnson v. New York Univ. Sch. of Ed.</u>, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Briefly deferring discovery in such a case, while the court awaits a response to the

complaint and determines the threshold issue of whether a complaint has sufficient

merit to go forward, recognizes a simple, fundamental truth: Parties who file motions

which may present potentially meritorious and complete legal defenses to civil

actions should not be put to the time, expense and burden of factual discovery until

after these claimed legal defenses are addressed by the court.  In such instances, it is

clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially
> dispositive motion where the motion 'appear[s] to have substantial
> grounds' or, stated another way, 'do[es] not appear to be without
> foundation in law.' " <u>In re Currency Conversion Fee Antitrust
> Litigation</u>, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (<u>quoting
> Chrysler Capital Corp. v. Century Power Corp.</u>, 137 F.R.D. 209, 209-10
> (S.D.N.Y.1991)) (<u>citing Flores v. Southern Peru Copper Corp.</u>, 203
> F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001)); <u>Anti-
> Monopoly, Inc. v. Hasbro, Inc</u>., 1996 WL 101277, at *2 (S.D.N.Y.
> March 7, 1996)).

<u>Johnson v. New York Univ. School of Educ.</u>, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude that discovery should be briefly

stayed in these cases at the present time.  We note that the Defendants have not yet

filed answers or any potentially dispositive motions in response to the complaints

5

filed in these cases.  Once the Defendants have responded to the complaints we will, by separate order, set a discovery schedule in this matter, at which time the parties may freely engage in discovery.  However, until the merits of these claims are initially addressed by the Defendants and the Court, we conclude, consistent with settled case law, that a stay of discovery is appropriate in the exercise of our discretion.  Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002); United Sweetener USA, Inc. V. Nutrasweet Co., 766 F.Supp. 212 (D.Del. 1991).

Furthermore, in this case, one other consideration calls for a stay of the discovery that has been propounded, and a more comprehensive and coherent approach to all related discovery being undertaken in this matter.  There are currently more than 20 cases pending in the Middle District of Pennsylvania involving the same alleged food contamination incident:  Fuquan Anthony Spells, et al., v. United States of America, et al., Docket No. 3:12-CV-0455; Kelvin Andre Spotts, et al. v. United States of America, et al., Docket No. 1:12-CV-0583; Antron Russell v. United States of America, et al., Docket No. 1:12-CV-407; John Legrand, et al., v. Fenstermaker, et al., Docket No. 3:12-CV-0743; Charron Butts v. United States of America, Docket No. 1:12-CV-0785; Reginald Barnett, et al., v. Fenstermaker, et al., Docket No. 1:12-CV-0183; Roddy McDowell v. United States of America, et al., Docket No. 3:12-CV-01132; Louis Rundolph v. United States of America, et al.,

Docket No. 1:12-CV-01177; <u>David A. Rogers v. Warden Ronnie Holt</u>, et al., Docket No. 1:12-CV-1041; <u>Austin Grupee v. Warden Ronnie Holt</u> et al., Docket No. 1:12-CV-1015; <u>Jorge Gonzales-Vasquez v. United States of America</u>, Docket No. 1:12-CV-1031; <u>Richard Randolph v. United States of America</u>, Docket No. 1:12-CV-0784; <u>Estac Love v. Holt</u>, et al., Docket No. 1:12-CV-1030; <u>Eugene Kenneth Brinson, et al., v. United States of America</u>, Docket No. 3:12-CV-1451; <u>Anthony Murphy v. United States of America</u>, Docket No. 3:12-CV-1415; <u>Nafis Woods v. United States of America</u>, Docket No. 1:12-CV-0900; <u>Tito Strong v. Ronnie Holt</u>, Docket No. 3:12-CV-1036; <u>Barabbas Brown v. United States of America</u>, Docket No. 3:12-CV-0956; <u>Paul Peraza v. United States of America</u>, Docket No. 3:12-CV-1356; <u>Christopher Ramos v. Holt</u>, et al., Docket No. 3:12-CV-01454; <u>Eric Connelly v. United States of America</u>, Docket No. 1:12-CV-1187; and <u>Joseph Bonilla v. United States</u>, et al., Docket No. 3:12-CV-1490.

These cases would all greatly benefit from a coordinated approach to discovery and litigation, and while we have declined to formally consolidate these cases because they entail different parties, multiple *pro se* plaintiffs, and disparate claims, we are committed to keeping these cases on consistent and coherent litigation tracks. Briefly deferring pre-answer discovery in this case, while we await the government's response to these complaints, will achieve this goal in a fashion which will ultimately

benefit all parties to this litigation, in our view.  Therefore, we will defer further discovery pending the filing of answer and further order of the Court. of the outstanding motion.

An appropriate order follows.

**III.   <u>Order</u>**

Accordingly, for the foregoing reasons, the Defendant's motions for protective orders staying discovery in each of the above-captioned cases are GRANTED.

So ordered this 11th  day of September 2012.


*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

8