**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTONIO HUDSON,** | : | **Civil No.  3:12-CV-743** |
| | : | |
| **Plaintiff** | : | **(Judge Kosik)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This is one of a number of related actions, in which federal inmates have sued

the United States of America, alleging injuries stemming from the consumption of

food contaminated with salmonella that was served at the United States Penitentiary,

Canaan.  We are overseeing coordinated pre-trial management of these cases and we

ordered all parties to participate in mandatory mediation of the plaintiff's claims.  As

part of this mediation program it was reported that this case had settled, and the case

was, therefore, dismissed.

In this case, one of the plaintiffs, Antonio Hudson, filed a document alleging

that this settlement has not been consummated and seeking to reinstate this lawsuit.

(Doc. 130.)  Accordingly, in order to address this concern, we ordered the defendant

to file a response to this pleading, either clarifying the status of efforts to consummate the settlement, or otherwise responding to the plaintiff's pleadings.

The defendant has filed a response, detailing the efforts made to fulfill payment obligations under this settlement agreement. (Doc. 162.) This response explains that the defendant worked diligently to fulfill its obligations under the agreement, but that the Treasury Department which has been processing these claims, including the plaintiff's claim, encountered some delays in processing these claims. Despite these claims processing delays, the United States reports that: "Hudson has now received his settlement proceeds. Thus, good cause does not exist for reinstating Hudson's action." (Id., p. 4.)

## II.   **Recommendation**

In light of this report that payment has been made to the plaintiff pursuant to the terms of this agreement, it is recommended that the plaintiff's motion to reinstate be DENIED. (Doc. 130.)

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set

forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 19th day of June, 2014.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge