IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN LEGRAND, | : | Civil No. 3:12-CV-743 |
| | : | |
| Plaintiff | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| ERIKA FENSTERMAKER, et al., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

This is a case brought by John Legrand, an inmate in the custody of the Federal Bureau of Prisons, against the United States of America.[1]  Legrand alleges that the United States is liable pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2401 and 2675 *et seq*., for serving Legrand chicken that was tainted with salmonella, causing Legrand to suffer from food poisoning in June 2011.  The United States served Legrand with a first set of interrogatories on September 1, 2014.  Legrand has

---

[1] As originally filed, Legrand attempted to bring FTCA and Bivens claims against a number of individual employees of the Bureau of Prisons.  The court previously granted the defendants' motion for summary judgment with respect to Legrand's Bivens claims, and dismissed all individual defendants.  (Doc. 198.)  The only remaining claim is the plaintiff's FTCA claim against the United States.

never answered the interrogatories, and discovery was subsequently continued and stayed while the court endeavored to find counsel willing to represent him. That effort proved unavailing, and on April 10, 2015, the court vacated its order conditionally appointing counsel, and established new case management deadlines. (Doc. 207.) In that order, Legrand was advised that he would be required to litigate his claims *pro se* because there was no counsel willing to accept his case. (Id.) This order also directed the parties to complete discovery by August 10, 2015, and to file discovery-related motions by July 13, 2015. (Id.)

On July 13, 2015, the United States filed a motion to compel Legrand to respond to the first set of interrogatories that had been propounded on September 1, 2014. (Doc. 209.) The United States filed a brief in support of its motion on the same day. (Doc. 210.) Legrand has responded by filing a motion to stay his response deadline until some unspecified date while he seeks to recover certain personal property, including legal documents, that was damaged or lost during Legrand's recent transfer from USP-Coleman to USP-Gilmer. (Doc. 211.)

Upon consideration of the pending motions, although the court recognizes that Legrand faces challenges as a *pro se* inmate attempting to litigate this case during the course of prison transfers, and in light of his missing legal papers, we nonetheless find it necessary to require him to answer the interrogatories that have gone

unanswered for 11 months, since these interrogatories seek factual information that Legrand should be able to provide regardless of his circumstances. Moreover, to the extent Legrand is challenged to provide complete answers to all questions, the interrogatories themselves allow for him give some explanation for his inability to provide answers.

## II. DISCUSSION

A party upon whom the interrogatories are served is required to answer them unless he properly serves objections. Conrad v. Northumberland Cnty., No. 4:09-CV-01326, 2010 WL 4854074, at *2 (M.D. Pa. Nov. 23, 2010); see also Fed. R. Civ. P. 33. Failure to file objections will result in their waiver. Scaturro v. Warren & Sweat Mfg. Co., 160 F.R.D. 44, 46 (M.D. Pa. 1995). If a party answers the interrogatories but the answers are evasive or incomplete, the party propounding the interrogatories may move the Court for an order compelling answers pursuant to Fed. R. Civ. P. 37(a). McAllister v. Weikel, No. 1:12-CV-2273, 2015 WL 3953048, at *1 (M.D. Pa. June 29, 2015). Rule 33 of the Federal Rules of Civil Procedure provides that a party upon whom interrogatories are served has 30 days in which to answer them.

In this case, the defendant served Legrand with interrogatories on September 1, 2014. Legrand has never answered these interrogatories or objected to them. Instead, Legrand sought the appointment of counsel, and to stay a response deadline

until counsel could be found. This resulted in discovery being stayed for a period of time after the court entered an order conditionally appointing counsel. However, despite the court's efforts, no counsel could be identified who were willing to assist Legrand in litigating this case, and Legrand was accordingly notified in April 2015 that he would be required to litigate this matter on his own behalf. Despite entry of this order, Legrand has failed to respond to the interrogatories in any meaningful way.

The outstanding interrogatories are modest in scope, consisting of seven questions, all of which seek factual information regarding: Legrand's alleged symptoms from food poisoning; witnesses to his symptoms; assistance that he was provided in the wake of his illness; the scope of damages sought; his past and current medical conditions; and information regarding prescription medication that Legrand has taken between June 25, 2011, and the present day. (Doc. 209-2, First Set of Interrogatories.) The interrogatories are accompanied by instructions that provide, among other things, that if Legrand is unable to answer any question completely, to "supply such information as is available. Explain why such answer is incomplete, the efforts made to obtain the information, and the source from which the complete answer may be obtained." (Id.)

Legrand seeks to be excused from answering the outstanding interrogatories for an unspecified period of time because some unidentified legal materials have gone missing during a recent prison transfer. (Doc. 211.) Regardless of what these papers may be, or what they may contain, the court does not find that their loss has rendered Legrand incapable of furnishing <u>any</u> answers to the seven straightforward factual questions that the defendant propounded nearly 11 months ago, and which were again served upon Legrand as an attachment to the defendant's motion to compel. (Doc. 209-2.) Legrand should be capable of providing answers to these questions, since they seek information about what Legrand claims to have occurred, and seek purely factual information that goes to the heart of Legrand's claims and are relevant to potential defenses in this case. Legrand has provided no compelling reason why he is unable to answer these questions, and we find that he must answer them so that this litigation, which is more than three years old, can proceed towards a fair resolution.

### III. <u>ORDER</u>

Accordingly, upon consideration, and for the reasons explained above, IT IS HEREBY ORDERED THAT the defendant's motion to compel (Doc. 209.) is GRANTED and the plaintiff's motion for an open-ended extension of time to answer the interrogatories (Doc. 211.) is DENIED. Instead, the plaintiff is ORDERED to provide the defendant with answers to the First Set of Interrogatories on or before

**Monday, August 17, 2015**.  If the plaintiff is unable to furnish complete responses to any question, he shall provide the defendant with some explanation regarding the reason for the incomplete response, in accordance with the instructions set forth in the interrogatories.

IT IS FURTHER ORDERED that the Clerk of Court shall send the plaintiff a copy of the defendant's first set of interrogatories (Doc. 209-2.) with this Order.

So Ordered this 31st day of July 2015.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge